UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| G. GREGORY WILLIAMS et al., <br><br> Plaintiffs <br><br> v. <br><br> STATE OF CALIFORNIA CIVIL RIGHTS DEPARTMENT et al., <br><br> Defendants. | Case No. 2:24-cv-06606-SB (GJS) <br><br> **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE AS AMENDED** |

     Pursuant to 28 U.S.C. § 636, the Court has reviewed all relevant pleadings and other documents filed in this action, including the First Amended Complaint (FAC), (Dkt. No. 24), the U.S. Magistrate Judge's Report and Recommendation (R&R) (Dkt. No. 27), and Plaintiffs' Joint Objection and Motion (Dkt. No. 30). Because Plaintiffs do not specifically object to the R&R's findings and conclusions, the Court need not review them de novo. Fed. R. Civ. P. 72(b) (requiring "specific written objections" to the recommendations and mandating de novo review of only the portions "properly objected to").

     While lodging no specific objection, Plaintiffs do generally object. In their Joint Objection and Motion, they claim they are entitled to the appointment of counsel under 18 U.S.C. § 3006A and request a stay pending the appointment.[1] The criminal procedures set forth in § 3006A, however, are inapplicable: this is not a criminal proceeding; Plaintiffs have no Sixth Amendment right to counsel in a civil

---

[1] Plaintiffs also appear to request additional time to file further objections. Dkt. No. 30 at 14. The request is denied because Plaintiffs have already received a substantial extension and have had sufficient time to object. One of the plaintiffs is "a former practicing attorney . . . with over twenty years of state and federal litigation experience." *Id*. at 12. Instead of specifically objecting, Plaintiffs elected to file a 130-page, frivolous attack on the law authorizing the appointment and use of magistrate judges. *Id*. at 5 (arguing that the "process . . . [is] in the nature of an uncodified, unwritten, penal, pseudo-administrative bureaucratic proceeding").

case;[2] and they face no "loss of liberty." 18 U.S.C. § 3006A(a)(1). Plaintiffs' assertion that the magistrate judge's screening of their complaint is "penal," "prosecutorial," and "in excess of jurisdiction," Dkt. No. 30 at 7–10, is without merit, *see* 28 U.S.C. § 1915(e)(2) (requiring a court to dismiss a complaint filed by a party proceeding in forma pauperis if it determines that it fails to state a claim); *id.* § 636(b)(1)(B) (permitting a judge to "designate a magistrate judge . . . to submit to a judge of the court proposed findings of fact and recommendations" for dispositive matters).

The Court generally adopts the R&R, except that it does not incorporate the reasoning for rejecting the claim under 42 U.S.C. § 1981 against the private actor defendants. While the Ninth Circuit held in *Yoshikawa v. Seguirant*, 74 F.4th 1042, 1045–46 (9th Cir. 2023) (en banc), that § 1981 provides no implied right of action against state actors, it did not address whether a § 1981 claim against private actors remains viable. *Id.* at 1049 n.1 (Collins, J., concurring in part and dissenting in part) (reading the majority opinion as leaving "undisturbed the implied right of action the Supreme Court recognized directly under § 1981 against *private* actors"). The § 1981 claim nevertheless fails because Plaintiffs do not assert, as required, nonconclusory allegations of "intentional discrimination" against them based on their race. *Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 391 (1982); *accord Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 341 (2020).[3]

---

[2] *Adir Int'l, LLC v. Starr Indem. & Liab. Co.*, 994 F.3d 1032, 1039 (9th Cir. 2021) ("[C]ivil litigants who cannot afford counsel are not constitutionally guaranteed the appointment of a lawyer.").

[3] A "district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008) (cleaned up). Here, Plaintiffs have previously amended their pleading. In doing so, they have persisted in pursuing frivolous claims and making frivolous objections in violation of Fed. R. Civ. P. 11. The violation is exacerbated by the fact that Plaintiff G. Gregory Williams purports to be a highly experienced retired attorney. *See Samuels v. Fed.*

The Court therefore accepts, as amended, the findings and recommendations set forth in the Report.

Accordingly, **IT IS ORDERED** that:

1. Plaintiffs' motion for appointment of counsel and a stay (Dkt. No. 30) is denied;

2. Plaintiff Plernpit Polpantu's application to proceed in forma pauperis (Dkt. No. 17) is denied;

3. The First Amended Complaint is dismissed without leave to amend and this case shall be dismissed with and without prejudice as follows: (a) the federal law claims alleged in the First, Third, Fifth, Eighth, Tenth, and Eleventh Claims are dismissed with prejudice; and (b) the state law claims alleged in the First through Seventh and Ninth Claims are dismissed without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: March 11, 2025

_____
STANLEY BLUMENFELD, JR.
U.S. DISTRICT JUDGE

---

*Emergency Mgmt. Agency*, No. 2:22-CV-01088-CAS, 2023 WL 4850734, at *10 (C.D. Cal. July 24, 2023) ("Pro se attorneys cannot claim the special consideration which the courts customarily grant to pro se parties.") (cleaned up).  Under these circumstances, the Court declines to exercise its discretion to allow leave to amend, finding that Plaintiffs have not been acting in good faith and that further amendment would be futile.